## M'Farland *against* Stewart.

The subscription list of a newspaper is not the subject of a separate property, but an accident of the establishment, which passes with a sale of the materials.

ERROR to *Alleghany* county.

This was an action of *assumpsit* by John Anderson, administrator of John M'Farland deceased, against Robert T. Stewart.

M'Farland, in his lifetime, was the editor of the "Alleghany Democrat." The materials in the office were levied on an execution. After his death they were sold to Robert T. Stewart, the defendant, by the sheriff. Stewart purchased the establishment for the benefit of the widow. Afterwards he sold, with the approbation of the widow, to a third person, and with it sold the subscription list. The newspaper had never been discontinued. This action was brought at the instance of the creditors of M'Farland, to recover the value of the subscription list and custom of the office, which had not been purchased by Stewart but sold by him, and which the plaintiff alleged was a separate property and assets of the decedent, which Stewart had sold and received the money for. The court below (Shaler, president) was of opinion that the plaintiff was not entitled to recover; and instructed the jury to find for the defendant, which they did.

*Burk*, for plaintiff in error.
*Fetterman*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The contents of the printing office were sold on an execution levied in the lifetime of M'Farland the decedent, and bought in by Stewart, who, it is said, has since sold to Johns, along with the types, presses, &c., the advantages of the whole as an establishment; and the administrator of M'Farland insists, in behalf

of the creditors, that Stewart, having sold these advantages as an additional matter, is liable to him for the proceeds as a part of the assets. Undoubtedly the custom or business of one established in an occupation, may enable him to sell the tools or implements of the trade for a price beyond their intrinsic value; and this holds in an especial manner in regard to the subscription list of a newspaper to which a purchaser succeeds as a part of the establishment. Is it, however, the subject of separate property, or but an accident of something else? The contract of subscription is not assignable; consequently the purchaser does not, in contemplation of law, succeed even to the interest of the seller, which, by the bye, as the paper may be discontinued at any moment, is not a vested, but a contingent one. The actual advantage to be derived from it resembles that which is derived from the right of renewal, as it is called, incidental to certain leases, which are not at the death of the tenant a separate subject of appraisement or inventory. In the case of an innkeeper, the advantages of the stand would belong to the heir as an incident of the realty; and in the case of a lawyer or physician, the expectation of practice as a personal incident of professional reputation for skill, would be extinguished by the death of the party. Such advantages then are too ephemeral or indeterminate to be the subject of separate and specific ownership; and whatever they may have been in the present instance, they passed to Stewart as an accessary of the principal sold to him by virtue of the execution.

Judgment affirmed.